UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOBRA RESTAURANT PROPERTIES, LLC,<br><br>Petitioners,<br><br>v.<br><br>CITIBANK USA N.A., UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:24-mc-00151-DAD-JDP<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION TO QUASH BE DENIED FOR LACK OF JURISDICTION AND DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>ECF Nos. 1 & 4<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

  Plaintiff has filed a motion to quash an IRS collection summons issued to Citibank USA. ECF No. 1. Plaintiff argues that that the underlying target of the summons is not an account holder or signer on the bank accounts at issue, and that the summons is overbroad and was issued in bad faith. ECF No. 1-1 at 3-4. The IRS has filed a motion to summarily deny plaintiff's motion for lack of jurisdiction. ECF No. 4. Having considered the parties' filings, I agree with the government that jurisdiction is lacking and recommend that the motion to quash be denied.

**Background**

  IRS Revenue Agent David Barbearo is conducting an investigation to locate and verify assets to satisfy outstanding federal tax liabilities assessed against Abe Alizadeh, who has unpaid taxes exceeding $14,000 for tax years 2014 through 2018. ECF No. 4-2 ¶¶ 1, 6-8. Plaintiff,

1

1  Kobra Restaurant Properties, LLC, is owned by Alizadeh's sister.  ECF No. 1-2 ¶¶ 4-5.

2  On March 6, 2024, Agent Barbearo issued the relevant summons to Citibank "in aid of the
3  collection of Abe Alizadeh's previously assessed federal tax."  ECF No. 4-2 ¶ 9.  The summons
4  pertains to accounts involving Alizadeh or Kobra Restaurant Properties, LLC, and seeks "books,
5  records, papers, and other data relating to the tax liability or for the purpose of inquiring into any
6  offense connected with the administration or enforcement of the internal revenue laws
7  concerning" Abe Alizadeh.  ECF No. 1-2 at 5-7.  Agent Barbearo believes that, based on his
8  investigation, the production of the summonsed documents likely will identify potential sources
9  of Abe Alizadeh's assets for the purpose of satisfying his existing federal tax liabilities.  ECF No.
10  4-2 ¶ 10.

11  The summons notes on its face that pursuant to IRC 7609(c)(2)(D), it is exempt from
12  notice requirements pertaining to third party summonses, and that pursuant to 12 U.S.C.
13  § 3413(c) and 26 U.S.C. § 7609(j) it is also exempt from the notice requirements of the Right to
14  Financial Privacy Act.  ECF No. 1-2 at 5.

15  **Discussion**

16  Plaintiff asserts that the summons should be quashed because Abe Alizadeh is not an
17  account holder or signer on the Citibank accounts, and because the summons is overbroad and
18  was issued in bad faith.  ECF No. 1-1 at 3-4.  For the reasons explained below, the court lacks
19  jurisdiction to consider plaintiff's motion.

20  "Congress 'has authorized and required' the IRS 'to make the inquires, determinations,
21  and assessments of all taxes' the Internal Revenue Code imposes."  *United States v. Clarke*, 573
22  U.S. 248, 249-50 (2014) (quoting 26 U.S.C. § 6201(a)).  To support effect tax investigations,
23  "Congress has endowed the IRS with expansive information-gathering authority."  *United States*
24  *v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984).  In particular, under 26 U.S.C. § 7602, the IRS
25  has "broad latitude to issue summonses '[f]or the purpose of ascertaining the correctness of any
26  [tax] return, making a return where none has been made, [or] determining the liability of any
27  person for any interest revenue tax[.]"  *Clarke*, 573 U.S. at 250 (quoting 26 U.S.C. § 7602(a))
28  (alterations in original)).  The IRS also may serve a summons to "collec[t] any such liability."

*Polselli v. Internal Revenue Serv.*, 598 U.S. 432, 434 (2023). Collection summonses "can extend to third parties beyond the taxpayer under investigation"; the IRS may request the production of "books, papers, records, or other data" from "any person" who possesses information concerning a delinquent taxpayer. *Id.* at 434-45 (quotations and citations omitted).

The United States is immune from suit unless there is a valid waiver of sovereign immunity. *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). The only statute that provides the court with jurisdiction to quash an IRS summons is 26 U.S.C. § 7609(b), which is "the exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party recordkeeper." *Viewtech, Inc. v. United States*, 2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009) (citing *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985), *aff'd*, 653 F.3d 1102 (9th Cir. 2011).

Only a party entitled to notice of a summons is permitted to bring a motion to quash under section 7609(b). *See* 26 U.S.C. § 7609(b)(2)(A). The IRS is generally required to give notice to "any person . . . who is identified in the summons." 26 U.S.C. § 7609(a). Under 26 U.S.C. § 7609(c)(2)(D), however, the IRS is exempted from providing notice when the summons is issued "in aid of the collection of [ ] an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). Accordingly, for notice purposes, collection summonses are different from summonses used to investigate and assess correct tax liabilities. Individuals identified in a collection summons under 26 U.S.C. § 7609(c)(2)(D)(i) are not entitled to notice and do not have a right to bring a motion to quash.

Here, the IRS assessed a tax liability against Abe Alizadeh and issued the challenged summons to Citibank to aid in the collection of that liability. The summons, therefore, falls squarely under the notice exception found in 26 U.S.C. § 7609(c)(d)(D)(i). Accordingly, plaintiff was not entitled to notice and does not have standing to challenge the summons. The court lacks jurisdiction to rule on the motion to quash. *See Polselli*, 598 U.S. at 437-38, 445.

Based on the foregoing, I recommend that the petition to quash be summarily denied.

**Recommendation**

Accordingly, it is hereby RECOMMENDED that plaintiff's motion to quash, ECF No. 1, be denied for lack of jurisdiction, and defendant's motion to summarily deny plaintiff's motion to quash, ECF No. 4, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4